# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. KRUEGER, | 1:11-CV-00097 SMS HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | [Doc. #13] |
| MATTHEW CATE, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| Respondent. | [Doc. #9] |
| / | THIRTY DAY DEADLINE |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On January 20, 2011, Petitioner filed the instant petition regarding his 2007 conviction in Kern County Superior Court for lewd and lascivious conduct with a child under the age of fourteen. Respondent filed a motion to dismiss the petition because the majority of the claims raised were unexhausted in that Petitioner had not presented them first to the California Supreme Court. Petitioner filed an opposition to the motion along with a motion for stay and abeyance. Respondent filed a statement of non-opposition to Petitioner's motion for stay.

## DISCUSSION

    A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d

1  981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519
2  U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the
3  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light
4  of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is
5  only appropriate when the district court determines there was good cause for the petitioner's failure
6  to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good
7  cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when
8  his unexhausted claims are plainly meritless." Id.

9       In this case, the Court finds good cause to excuse Petitioner's failure to exhaust. Petitioner
10 states he misunderstood his appellate counsel and believed the additional claims had been exhausted
11 on appeal.  He further states he has not delayed in seeking federal habeas relief.  Good cause having
12 been shown, the Court will grant a stay of the proceedings so Petitioner can complete exhaustion of
13 the additional claims.

14      However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at
15 277.  Petitioner must proceed diligently to pursue his state court remedies.  He is directed to file his
16 petition in the California Supreme Court within thirty (30) days of the date of service of this Order
17 and file a status report within thirty (30) days of the date of service of this Order, and he must file a
18 status report every ninety (90) days thereafter advising the Court of the status of the state court
19 proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to
20 file a motion to lift the stay.  Failure to comply with these instructions and time allowances will
21 result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

22 **ORDER**

23     Accordingly, IT IS HEREBY ORDERED that:

24     1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is
25 GRANTED;

26     2. Respondent's motion to dismiss is DENIED;

27     3. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

28     4. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service

of this Order advising the Court of the filing of his state court petition and the date the petition was filed;

     5.  Petitioner is DIRECTED to file a new status report every ninety (90) days thereafter; and

     6.  Should Petitioner be denied relief by the California Supreme Court, he will be ALLOWED thirty (30) days time following the final order of the California Supreme Court in which to file a motion to lift the stay and proceed on the initial petition.

IT IS SO ORDERED.

Dated:   **June 2, 2011**                                           **/s/ Sandra M. Snyder**
                                                                          UNITED STATES MAGISTRATE JUDGE