# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. KRUEGER, | 1:11-CV-00097 AWI BAM HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY |
| v. | [Doc. #23] |
| MATTHEW CATE, | ORDER DIRECTING RESPONDENT TO FILE RESPONSE |
| Respondent. | ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 20, 2011, Petitioner filed the instant petition regarding his 2007 conviction in Kern County Superior Court for lewd and lascivious conduct with a child under the age of fourteen. Respondent filed a motion to dismiss the petition because the majority of the claims raised were unexhausted insofar as Petitioner had not presented them first to the California Supreme Court. Petitioner filed an opposition to the motion along with a motion for stay and abeyance. Respondent filed a statement of non-opposition to Petitioner's motion for stay. On June 3, 2011, the Court granted Petitioner's motion for stay, and the petition has been held in abeyance since then pending Petitioner's exhaustion of his state remedies. On December 1, 2011, Petitioner filed the instant motion to lift the stay. He states the California Supreme Court denied his petition on November 16,

2011, and the original petition is now fully exhausted. Petitioner's motion will be granted and Respondent will be directed to respond to the petition.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Petitioner's motion to lift the stay is GRANTED;

2. Respondent SHALL FILE a RESPONSE to the Petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5(c), Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5(c), Rules Governing Section 2254 Cases.[3]

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response. . . ." Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); White v. Lewis, 874 F.2d 599, 60203 (9th Cir. 1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

3. If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

4. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date Respondent's Motion is filed with the Court. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the opposition is served. The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT (28) days** after the service of the Motion or when the Reply is filed, whichever comes first. See Local Rule 230(l).

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:  December 6, 2011                               /s/ Barbara A. McAuliffe
                                                      UNITED STATES MAGISTRATE JUDGE